UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No.

BILLY SAINTFELIX

    Plaintiff

v.                                                    **JURY TRIAL DEMANDED**

CITY OF ORLANDO FIRE DEPARTMENT

    Defendant.

_____/

## COMPLAINT

The Plaintiff, Billy Saintfelix, files this Complaint and states the following:

### PRELIMINARY STATEMENT

1.    The Plaintiff, Billy Saintfelix, brings this action against The City of Orlando Fire Department ("Orlando Fire Dept.") for violations of Title VII of the Civil Rights Act of 1964 (Title VII) (42 U.S.C. § 2000e) and the Americans with Disabilities Act ("ADA") as amended by the ADA Amendments Act ("ADAAA"), 42 U.S.C. §§ 12101 to 12213 (collectively, the "ADA").

2.    The Defendant hired Mr. Saintfelix on July 18, 2022 as a Firefighter. During Mr. Saintfelix's tenure at Orlando Fire Dept., he was an excellent employee and firefighter, passed all medical examinations, and passed all training exercises.

3.     Despite Mr. Saintfelix's excellent performance, the Defendant discriminated against Mr. Saintfelix, suspended Mr. Saintfelix, and forced Mr. Saintfelix to resign in retaliation for his request for a reasonable accommodation for his disability; and the Defendant discriminated against Mr. Saintfelix because Mr. Saintfelix is an African American. As a result, Mr. Saintfelix has suffered significant damages.

## JURISDICTION

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the ADA and Title VII of the Civil Rights Act of 1964. This court also has supplemental jurisdiction over any of Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

5.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1), because Orlando Fire Department is located in this district and all defendants reside in Florida; and 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## CONDITIONS PRECEDENT

6.     On April 19, 2023, Mr. Saintfelix timely filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").

7.     On January 06, 2025, the EEOC issued Mr. Saintfelix a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. Mr. Saintfelix has fully complied with all prerequisites to jurisdiction in this Court under the ADA and Title VII of the Civil Rights Act of 1964. *See Attached Exhibit A.*

## PARTIES

8.     The Plaintiff, Mr. Saintfelix, resides in Orlando Florida. The Plaintiff is a citizen
of Florida.

9.     The Plaintiff was an employee, as defined by the ADA, of the Orlando Fire
Department. The Plaintiff worked for the Orlando Fire Department as a firefighter in
Orlando, Florida, from July 18, 2022, to November 26, 2022

10.    The City of Orlando Fire Department is a City Fire Department with its
headquarters located in Orlando, Florida. The Orlando Fire Department maintains
offices, fire stations, and business in Orlando, Florida. Orlando Fire Department is an
employer as defined by the ADA. Orlando Fire Department is engaged in the activity of
providing firefighting and emergency medical services to the community.

## FACTS

11.    The Plaintiff began working for the City of Orlando Fire Department on July 18,
2022, as a Firefighter.

12.    During his time at the Orlando Fire Department, the Plaintiff passed all training
exercises and medical examinations and was an excellent performer in firefighting. He
was previously a firefighter for four years with the Orange County Fire Department, and
he had exceptional skills and abilities in the art and science of firefighting. His skills
made him a valuable contributor to the Orlando Fire Department.

13.    In 2018, the Plaintiff was diagnosed with Pseudofolliculitis Barbae. Therefore, the
Plaintiff is a qualified individual with a disability under the ADA. As a result of the

Plaintiff's disability, he was instructed by his doctor not to shave his face to prevent infections.

14.    As a result of the disability, the Plaintiff informed the Human Resources Department at the Orlando Fire Department of his condition upon hire or shortly thereafter. The Human Resources Department, nor any other superior at the Fire Department, admonished the Plaintiff regarding his facial hair at the time he began his employment. The Plaintiff also informed his supervisors and superiors of his condition and was instructed by Training Lieutenants Walls and Nix to keep copies of his medical documentation in the event someone inquired about his facial hair. The first time someone approached the Plaintiff was on September 23, 2022, following the Fire Department Graduation when Assistant Fire Chief Ian Davis commented on the Plaintiff's disability. As a result, the Plaintiff explained the disability directly to Chief Davis.

15.    After the initial encounter, Chief Davis began to monitor Mr. Saintfelix aggressively, claiming he was not clean-shaven and that Mr. Saintfelix was in violation of Orlando Fire Department Policy. Once the Plaintiff became aware of the aggressive monitoring, he began to document his facial hair daily.

16.    While on duty in response to Hurricane Ian, Chief Davis humiliated Mr. Saintfelix by making inappropriate and discriminatory comments at him for his disability, including Chief Davis stating that Chief Davis knew of the condition and determined that Mr. Saintfelix did not have the condition. This conduct continued to occur for over

two months. Over that period, Mr. Saintfelix was wrongfully investigated by the Defendant and received a total of 5 citations and two separate suspensions.

17.    Chief Davis also racially discriminated against Mr. Saintfelix by stating that the only reason the Plaintiff got the job with Orlando Fire Department was because he was an African American, that he would not make it out of the one-year probationary period with his "face looking like that," and that he either must do what Chief Davis says, regardless of a request for accommodation, or he would be fired.

18.    Chief Davis also spread defamatory statements about Mr. Saintfelix, including that he was not in compliance with the Orlando Fire Department rules and that the Plaintiff's was committing misconduct within Fire Station No. 7.

19.    As a result of the discrimination and humiliation, and after multiple attempts to seek an accommodation, the Plaintiff resigned from his position on November 26, 2022, because he wanted to avoid being terminated with a disciplinary record that could harm his future employment as a firefighter.

## COUNT I

### Failure to Provide a Reasonable Accommodation in Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq.

20.    The Plaintiff realleges paragraphs 1 through 19.

21.    In 2018, the Plaintiff was diagnosed with Pseudofolliculitis Barbe, making him a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111 of the

ADA. The Plaintiff could fully perform the essential functions of his position as a firefighter without a reasonable accommodation.

22.    Upon hire at the Orlando Fire Department, the Plaintiff fully informed the Orlando Fire Department of his disability and requested a reasonable accommodation to keep his facial hair cut to the appropriate length to prevent infection.

23.    The Orlando Fire Department refused to engage in the interaction process and denied the Plaintiff's request for a reasonable accommodation. There is no reason for the denial.

24.    The Orlando Fire Department also made discriminatory remarks to the Plaintiff and spread defamatory information about the Plaintiff to undermine Plaintiff. For example, Chief Davis stated that Chief Davis knew of the diagnosis and claimed Mr. Saintfelix did not have the disability.

25.    The Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits, emotional distress, and the costs of bringing this action.

26.    The Orlando Fire Department intentionally violated the Plaintiff's rights under the ADA with malice or reckless indifference and, as a result, is liable for punitive damages.

## COUNT II

### Retaliation in Violation of the Americans with

### Disabilities Act 42 U.S.C. §§ 12181 et seq.

27.    The Plaintiff realleges paragraphs 1 through 19.

28.    The Plaintiff was qualified for the position of firefighter then the Defendant suspended the Plaintiff and forced the Plaintiff to resign.

29.    The Plaintiff engaged in protected activity by complaining to his training officers and supervisors about his medical condition and the retaliatory treatment by Chief Davis and other managers of the Orlando Fire Department based on the Plaintiff's disability and requests for reasonable accommodations.

30.    After the Plaintiff complained about the treatment towards him, he was suspended multiple times by the Orlando Fire Department and forced to resign to maintain his status as a firefighter in good standing.

31.    The Plaintiff suffered damages as a result of the Orlando Fire Department's unlawful actions and retaliation, including past and future lost wages and benefits, emotional distress, and the costs of bringing this action.

32.    The Defendant, Orlando Fire Department intentionally violated the Plaintiff's rights under the ADA with malice or reckless indifference and as a result, is liable for punitive damages.

**COUNT III**

**Race Discrimination in Violation of the**

**Title VII of the Civil Rights Act of 1964**

**42 U.S.S. § 2000e et al.**

33.    The Plaintiff realleges paragraphs 1 through 19.

34.    The Plaintiff is an African American and qualified for his position when the Defendant suspended him.

35.    The Defendant made discriminatory remarks to the Plaintiff when Chief Davis stated to the Plaintiff and others that the Plaintiff only got the position because he was an African American.

36.    The Defendant marginalized the Plaintiff while treating other similarly situated employees more favorably.

37.    The Plaintiff suffered damages because of the Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

38.    The Defendant intentionally violated the Plaintiff's rights under Title VII with malice or reckless indifference and is liable for punitive damages.

## COUNT IV

### Retaliation in Violation of Title VII of the Civil Rights Act of 1964

### 42 U.S.S. § 2000e et al.

39.    The Plaintiff realleges paragraphs 1 through 19.

40.    On or Around July 18, 2025, the Plaintiff informed the Defendant of his disability, which commonly affects African American men.

41.    After two months of being at the Orlando Fire Department, the Defendant began making discriminatory remarks towards the plaintiff concerning his race.

42.     The Defendant's stated reason for suspending and punishing the Plaintiff was noncompliance with the policies and procedures of the Fire Department; however, the Department treated similarly situated employees differently than the Plaintiff because of the Plaintiff's race.

43.     The Defendant's stated reasons for taking action against the Plaintiff are pretextual and baseless. The Defendant suspended the Plaintiff two times because of his race and the medical condition associated with African American men.

44.     The Plaintiff suffered damages because of the Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

45.     The Defendant intentionally violated the Plaintiff's rights under Title VII with malice or reckless indifference and is liable for punitive damages.


        **THEREFORE**, the Plaintiff respectfully requests the following relief:

1.          a. Award the Plaintiff of his past and future loss of wages and benefits, plus interest;

2.          b. Award the Plaintiff compensatory and punitive damages;

3.          c. Order the Defendant to reinstate Plaintiff to a position comparable to his former position or, in lieu of reinstatement, award him front pay including benefits;

4.          d. Award the Plaintiff all costs and reasonable attorney's fees incurred in connection with this action; and

5.          e. Award the Plaintiff any other relief the Court determines is just and

proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best

of my knowledge, information, and belief that this complaint: (1) is not being presented

for an improper purpose, such as to harass, cause unnecessary delay, or needlessly

increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous

argument for extending, modifying, or reversing existing law; (3) the factual contentions

have evidentiary support or, if specifically so identified, will likely have evidentiary

support after a reasonable opportunity for further investigation or discovery; and (4) the

complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–

related papers may be served. I understand that my failure to keep a current address on

file with the Clerk's Office may result in the dismissal of my case.

## **JURY DEMAND**

The Plaintiff Demands a trial by jury on all claims properly triable by a jury.

Dated:March 30, 2025

Orlando, Florida

Respectfully submitted,

*Billy Saintfelix*

Billy SaintFelix

Plaintiff