### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BILLY SAINTFELIX**

        **Plaintiff,**

**v.**                                            **Case No: 6:25-cv-580-JSS-DCI**

**CITY OF ORLANDO FIRE
DEPARTMENT,**

        **Defendant.**

_____

### REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff Billy Saintfelix's Motion for Clerk's Entry of Default (the Motion). Doc. 10. As will be explained, the undersigned recommends the Court **DENY** the Motion and **DISMISS** the Complaint **with leave to amend.** Docs. 1, 10.

### I.      BACKGROUND

On April 3, 2025, Plaintiff filed a complaint against the City of Orlando Fire Department (Defendant). Doc. 1 (the Complaint). In the Complaint, Plaintiff raises four counts alleging violations of the Americans with Disabilities Act (42 U.S.C. § 12181) and Title VII of the Civil Rights Act (42 U.S.C. § 2000e). Doc. 1 at 5-9. Plaintiff subsequently filed proof of service indicating that the process server served the summons and Complaint on "Natasha Moore/Records Clerk, who is designated by law to accept service of process on behalf of City of Orlando Fire Department on 7/1/2025 at 11:55 am." Doc. 9 at 2. Defendant has not filed an Answer and the time for doing so has elapsed. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an

answer within 21 days after being served with the summons and complaint"). Plaintiff now seeks a clerk's entry of default pursuant to Rule 55(a). *See* Fed. R. Civ. P. 55(a); Doc. 10 at 1.

## II.    LEGAL STANDARD

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." But prior to directing the Clerk to enter default under Rule 55(a), "[a] court must first determine whether [a] plaintiff properly effected service of process." *Chambers v. Halstead Financial Servs., LLC*, 2014 WL 3721209 (citing *United States v. Donald*, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009)). "The party seeking the default bears the burden of proving that service of process was properly executed." *Volvo Fin. Services v. D & D Tractor & Truck Serv., Inc.*, 2015 WL 13740687 (M.D. Fla. Aug. 14, 2015).

## III.    DISCUSSION

In short, Plaintiff has failed to establish that proof of service on a records clerk is sufficient under the Federal Rules of Civil Procedure and applicable Florida Law.

Rule 4(j) governs service on a "state, a municipal corporation, or any other state-created governmental organization that is subject to suit" and requires service by:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2)(A)-(B). Florida Statutes section 48.111 governs service on "any municipal corporation, agency, board, or commission, department, or subdivision of the state or any county" and requires service according to the following hierarchy:

> (1)    Process . . . shall be served:

2

> > (a) On the registered agent; or
> >
> > (b) If the municipal corporation, agency, board, or commission, department, or subdivision of the state does not have a registered agent, or if the registered agent cannot otherwise be served after one good faith attempt:
> >
> > > 1. On the president, mayor, chair, or other head thereof; and in the absence of all persons listed in this subparagraph;
> > >
> > > 2. On the vice president, vice mayor, or vice chair; and in the absence of all persons listed in subparagraph 1. and this subparagraph;
> > >
> > > 3. On any member of the governing board, council, or commission, the manager of the governmental entity, if any, or an in-house attorney for the governmental entity, if any; and in the absence of all the persons listed in subparagraph 1., subparagraph 2., and this subparagraph;
> > >
> > > 4. On any employee of the governmental entity at the main office of the governmental entity.

§ 48.111(1)(a)-(b), Fla. Stat.

In the Motion, Plaintiff states simply that "Defendant was properly served on July 1, 2025" Doc. 10 at 1. This statement is insufficient to support a motion for entry of clerk's default because it provides the Court with no facts to demonstrate compliance with the relevant rules and statutes governing service. While Plaintiff provides more detail in the return of service—that service was made on a "Records Clerk" (Doc. 9 at 2)—it too is insufficient because such service does not comply with Florida Statutes section 48.111. *See Hoffman v. Jimenez*, 2025 WL 1727901, at *1 (M.D. Fla. June 13, 2025) (quashing service on a "city clerk" for failure to comply with Florida Statutes section 48.111). Accordingly, the undersigned recommends the Court deny Plaintiff's Motion for entry of Clerk's default. *See Abele v. City of Brooksville, FL*, 273 Fed. App'x. 809, 810, 811 (11th Cir. 2008) (finding that "the district court committed no error when it denied

3

Plaintiff's motion for default judgment" where "Plaintiff failed to establish that the Interim Acting City Manager was a proper recipient of service of process under F.S.A. § 48.111").

Ordinarily, the Court could give Plaintiff leave to re-serve in attempt to cure the defective service. *Edwards-Conrad v. S. Baptist Hosp. of Fla., Inc*., 2013 WL 1365718, at *1 (M.D. Fla. Apr. 4, 2013) ("When service is insufficient but curable, courts generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.") (citation omitted). However, in this case such relief would be futile because it appears that Plaintiff has brought his claims against a party without the capacity to sue or be sued. *See* Fed. R. Civ. P. 17(b)(3) (the "Capacity to sue or be sued is determined . . . by the law of the state where the court is located.").

"Generally, a municipal department is not a separate legal entity and does not have the capacity to sue or be sued. Examples of such subordinate entities comprising an integral part of a municipality would generally include a police or fire department, planning department or city attorney's office." *Lederer v. Orlando Utilities Com'n*, 981 So. 2d 521 (Fla. 5th DCA 2008) (citing prior version of 56 Am. Jur. 2d Municipal Corporations, Etc. § 725); *see also* 6A Fed. Prac. & Proc. Civ. § 1562 (3d ed.) ("departments within city government may not be deemed independent legal entities for purposes of Rule 17(b) and thus will lack capacity [to sue and be sued]"). While a municipality has the capacity to sue and be sued under Florida law, a fire department does not. *See Florida City Police Dept. v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995) ("Under Florida law, municipalities have the power to sue and be sued."); *see also Peightal v. Metro. Dade Cnty*., 940 F.2d 1394, at n.13 (11th Cir. 1991) (noting that the "Metropolitan Fire Department of Dade County, did not file an answer, although it was an originally named defendant, because the legal entity responsible for fire service in the county is Dade County"). Accordingly, the undersigned recommends the Court dismiss the Complaint with leave to amend so that Plaintiff

may bring his claims against—and then serve—the proper party. *See Cadot v. Miami-Dade Fire Rescue Logistics Div.*, 2014 WL 1274133, at *3 (S.D. Fla. Mar. 27, 2014) (quashing service of process and dismissing complaint against fire department where "[Miami-Dade Fire Rescue], as a division of Miami–Dade County, lacks the capacity to be sued").

Based on the foregoing, the undersigned **RECOMMENDS** that:

1. The Court **DENY** the Motion for Clerk's Default (Doc. 10); and

2. **DISMISS** the Complaint (Doc. 1) **with leave to amend**.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida on November 4, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Unrepresented party