UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BILLY SAINTFELIX,

        Plaintiff,                         Case No. 6:25-cv-00580

v.

CITY OF ORLANDO FIRE DEPARTMENT,

        Defendant.
_____/

**PLAINTIFF'S OBJECTION TO THE COURT'S REPORT AND RECOMMENDATION**

Plaintiff Billy Saintfelix, proceeding *pro se*, respectfully responds to the Court's Report and Recommendation dated November 4, 2025 (hereinafter, the "Report," ECF No. 11), and argues that the Court should decline to adopt the Report because it exceeds the Magistrate Judge's statutory authority and rests on defective legal analysis while disregarding Eleventh Circuit precedent. In support, Plaintiff states as follows:

1.    **Background**: Plaintiff's objection is timely because Plaintiff received the Report on November 14, 2025.

2.    **Standard**: Objections to a report and recommendation will cause those portions to be reviewed *de novo*. See 28 U.S.C. § 636(b)(1) ("A judge of the court

1

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

3. **Argument**: The Court should decline to adopt the Report concerning its recommendation to deny the Motion for Default Judgment (the "Motion") for two reasons.

I. **The Report's Recommendation to Deny the Motion for Default Judgment**

4. First, the Report raises affirmative defenses for the Defendant *sua sponte*, rather than construing the Motion liberally in accordance with Eleventh Circuit precedent, which requires liberal construction of default motions to serve the interests of justice, rather than forfeiting them due to technical noncompliance. Most problematically, the Report finds that service of process is insufficient because "service was made on a 'Records Clerk' (Doc. 9 at 2)—. . .[and that] is insufficient because such service does not comply with Florida Statutes section 48.111." *See* ECF No. 11, at 3. This conclusion is erroneous as it ignores controlling Eleventh Circuit precedent requiring that deficiencies in service be evaluated under the substantial compliance doctrine, which examines whether the defendant actually received notice and was not prejudiced by technical defects in service.

5. As plainly established by the Proof of Service (ECF No. 9), Natasha Moore represented herself as authorized by law to accept service on behalf of the municipality known as the City of Orlando Fire Department. Ms. Moore's express representation that she was "designated by law to accept service of process on behalf

2

of" the defendant—made in an official capacity to a process server—creates a presumption of authority that the Report summarily rejected without factual analysis or evidentiary support. Nothing in Florida Statute 48.111 prevents Ms. Moore from falling within the category of an officer or official contemplated by the statute's hierarchy—whether as an "other head" of the fire department under subsection (b)(1)(1) since it accepts payments on the department's behalf,[1] "manager of the governmental entity" under subsection (b)(3), or "any employee of the governmental entity" under subsection (b)(4). In fact, a Records Clerk of a municipal fire department most naturally falls within at least subsection (b)(3) (manager or equivalent administrative officer) or subsection (b)(4) (employee at main office), both of which are valid statutory recipients under the plain language of § 48.111. Still, the Report is belied by the dates and times reflected in the Proof of Service, which show that the process server obtained the service documents on June 30, 2025, and served the documents at 11:55 am on July 1, 2025. Construing the Proof of Service against the substantial compliance construct, it is more than plausible that the Process Server landed at the Records Clerk as the final stop at 11:55 am.

6. Instead, the Report immediately rejected Plaintiff's interpretation and discredited Ms. Moore's authority without citing the substantial compliance doctrine or addressing factually distinguishable cases. Notably, the Report's analysis

---

[1] *See* https://www.orlando.gov/Public-Safety/OFD/Records/Request-an-Orlando-Fire-Department-Record.

proceeds backward—it assumes service was defective and then sought and referenced cases supporting that predetermined conclusion, rather than first analyzing whether the Defendant received adequate notice of the claims against it.

7. For example, the Report cites *Hoffman v. Jimenez*, No. 2:25-CV-131-JLB-KCD, 2025 WL 1727901, at *1 (M.D. Fla. June 13, 2025). The Report even cites *Hoffman* as a controlling authority, when it is readily distinguishable on multiple yet critical grounds. *Hoffman* involved a *pro se* party—but did not involve a case brought against a municipality, such as the Fire Department sued in the instance case —and did not involve service on an entity that had represented its legal name to the EEOC and an administrative agency as the "City of Orlando Fire Department" or an equivalent designation. Most crucially, *Hoffman* does not discuss the substantial compliance doctrine or the presumption of authority arising when a person claims to be "designated by law" to accept service. Additionally, in *Hoffman*, unlike here, the Defendants themselves challenged service rather than the Court raising the challenge *sua sponte*.

8. The *Abele v. City of Brooksville, FL*, case is equally distinguishable because that case involved procedural missteps that are not present here. *See* 273 F. App'x 809, 810 (11th Cir. 2008). In *Abele*, the problem was that service had been attempted on an individual (the "Interim Acting City Manager") whose authority to accept service was factually disputed and uncorroborated—a scenario

4

distinguishable from the present case, where Ms. Moore's authority was affirmatively represented to the process server in the Proof of Service itself.

9. Second, the Report failed to afford Plaintiff with a meaningful opportunity to cure any perceived technical deficiency in service by explicitly deferring its recommendation until Plaintiff could contact the process server and amend the proof of service to include factual clarifications regarding "the unavailability of officials designated as appropriate recipients of service under F.S.A. § 48.111" if any officials were unavailable, or providing any further indication of how the Records Clerk "is a proper recipient in the absence of other designated officials." *See Abele*, 273 F. App'x at 810; *see also Edwards-Conrad v. S. Baptist Hosp. of Fla., Inc.*, No. 3:13-CV-260-J-25MCR, 2013 WL 1365718, at *1 (M.D. Fla. Apr. 4, 2013) ("Where service is 'insufficient but curable,' courts 'generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'"). This procedural courtesy—the opportunity to cure—is not discretionary where, as here, service may satisfy the statute or, at a minimum, bear on whether substantial compliance has been satisfied in line with its underlying purposes. This alone should warrant the Court declining to adopt the Report and instead granting Plaintiff a meaningful opportunity to clarify the circumstances of service. The Report should not be adopted.

## II. The Report's Recommendation of Dismissal

10. The Court should also decline to adopt the Report concerning its recommendation to dismiss Plaintiff's Complaint for multiple independent and alternative reasons.

11. First, the most fundamental defect in the Report is that it exceeds its Magistrate Judge's authority because it impermissibly undertook to screen and evaluate Plaintiff's Complaint under 28 U.S.C. § 1915 (though the Statute is not expressly mentioned). Under § 1915, the United States Magistrate Judge can only screen complaints from litigants proceeding *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915(e); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (holding that § 1915 screening authority is exclusively available to magistrate judges reviewing complaints filed by IFP litigants). This limitation is not discretionary or subject to equitable exception; it is a statutory jurisdictional boundary.

12. Here, Plaintiff is not proceeding IFP, so the Magistrate Judge was statutorily prohibited from screening the complaint and recommending its dismissal. Instead, any recommendation to dismiss Plaintiff's Complaint required either (a) an express referral by the District Judge under 28 U.S.C. § 636(b)(1)(B), or (b) a motion to dismiss filed by the Defendant (who has failed to appear). Neither occurred here. Accordingly, the Magistrate Judge lacked subject matter authority to recommend dismissal, and this ground alone mandates that the Court decline the Report's

dismissal recommendation. This reason alone mandates that the Court decline to adopt the Report insofar as it reached the sufficiency of Plaintiff's Complaint.

13. Second, and in the alternative, if the Court addresses the Report's recommendation of dismissal (which it need not, given the jurisdictional deficiency above), the Court should decline the dismissal recommendation on equitable grounds. The Report's conclusion should be rejected under the principles of waiver or equitable estoppel because the Defendant affirmatively represented to Plaintiff, the EEOC, and by eventual extension to this Court that its proper legal name is "City of Orlando Fire Department." *See* **Exhibit A**, Defendant's Response to FCHR Form C (setting forth Defendant's legal name as "City of Orlando Fire Department"). Allowing the Defendant to strategically assert an incapacity to be sued—after representing the opposite to administrative agencies and the charging party—would reward litigation gamesmanship and undermine the liberal pleading standards of Rule 8(a). The equitable doctrine of estoppel prevents such strategic inconsistency. This representation alone should prevent the Defendant from subsequently disavowing notice of a duly served complaint—that it is clearly aware of (particularly through affirmative defenses raised by the Court *sua sponte*). The Court should use its equitable powers to reject the Report's conclusion that the named Defendant lacks capacity to be sued or is somehow an improper party.

Dated: November 26, 2025                                  Respectfully submitted,

*[signature]*

Billy Saintfelix
125 E. Pine Street, #1510
Orlando FL 32801
Billiam1192@gmail.com
8