UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BILLY SAINTFELIX,

    Plaintiff,

v.                                                                             Case No: 6:25-cv-580-JSS-DCI

CITY OF ORLANDO FIRE
DEPARTMENT,

    Defendant.
_____/

## ORDER

On November 4, 2025, the magistrate judge recommended that the court deny Plaintiff's motion for a Clerk's entry of default and dismiss the complaint with leave to amend. (Dkt. 11.) When Plaintiff did not timely object, the court reviewed the report and recommendation and adopted it in full on November 26. (Dkt. 12.) That same day, Plaintiff filed an objection. (Dkt. 13.) Plaintiff now moves for the court to reconsider the order adopting the report and recommendation. (Dkt. 15.) Upon consideration, for the reasons outlined below, the court overrules Plaintiff's objections and denies the motion to reconsider.

As stated, the objection is untimely. *See Carabillo Paterfamillias v. Kuykendall*, No. 2:24-CV-350-SPC-KCD, 2024 WL 3742730, at *1 (M.D. Fla. Aug. 9, 2024) (overruling an untimely objection). Plaintiff had fourteen days to object to the report and recommendation entered on November 4, 2025. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Plaintiff dates his objection "November 26, 2025," eight days

after the deadline. (Dkt. 13 at 7.) Plaintiff asserts, without citation to statutory authority or caselaw, that the objection is timely because "Plaintiff received the [r]eport on November 14, 2025." (Dkt. 13 at 1.) Plaintiff's position is not persuasive. Nevertheless, the "court is not barred from considering late objections." *DeBoskey v. SunTrust Mortg., Inc.*, No. 8:14-CV-1778-MS-TGW, 2018 WL 6168125, at *1 n.1 (M.D. Fla. Nov. 26, 2018); *accord Poverty Destroyed Forever (PDF) LLC v. Visio Fin. Servs., Inc.*, No. 1:16-CV-2558-AT, 2017 WL 8219039, at *1 (N.D. Ga. Aug. 9, 2017) ("[The d]efendants' objections are untimely, but the [c]ourt nevertheless reviews the [report and recommendation] de novo."). Accordingly, the court considers Plaintiff's objections. *See Laney v. Slaten*, No. 615CV681ORL18TBS, 2015 WL 13603461, at *1 (M.D. Fla. June 4, 2015) (reviewing a plaintiff's objections after the court had adopted a report and recommendation).

Plaintiff identifies three reasons that the court should decline to adopt the report and recommendation. First, Plaintiff asserts that the magistrate judge purportedly failed to liberally construe the motion. (Dkt. 13 at 2–5.) Second, Plaintiff maintains that the magistrate judge failed to provide Plaintiff with an opportunity to cure any deficiencies. (*Id.* at 5.) Third, Plaintiff disputes whether the magistrate judge had the authority to issue the report and recommendation. (*Id.* at 6–7.)

As to the first reason, although courts "give liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), this "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014)

(quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).  Further, the leniency with which courts treat pro se plaintiffs does not permit courts to "serve as de facto counsel" or "rewrite an otherwise deficient pleading." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiff argues that the report "raises affirmative defenses for . . . Defendant sua sponte." (Dkt. 13 at 2.)  However, "to obtain a Clerk's [d]efault, . . . Plaintiff must show that the service of process was effect[ive]." *See Jewel v. Fla. Dep't of Revenue*, No. 8:16-CV-2120-T-36JSS, 2016 WL 7440951, at *1 (M.D. Fla. Dec. 27, 2016) (quotation omitted).  "Prior to directing the Clerk to enter a default, the [c]ourt must first determine whether the [p]laintiff properly effected service of process." *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-CV-809-FTM-38, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014).  Thus, the magistrate judge properly considered Plaintiff's motion and evaluated whether service was proper, including whether the person served was authorized to receive process on behalf of Defendant. *See Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir. 2019) ("[A] plaintiff bears the ultimate burden of proving valid service of process[.]" (quotation omitted)); *Volvo Fin. Servs. v. D & D Tractor & Truck Serv., Inc.*, No. 615CV960ORL31KRS, 2015 WL 13740687, at *1 (M.D. Fla. Aug. 14, 2015) ("The party seeking the default bears the burden of proving that service of process was properly executed.").

Plaintiff challenges the magistrate judge's conclusion that "service of process [wa]s insufficient because service was made on a [r]ecords [c]lerk" in violation of Florida Statutes section 48.111. (Dkt. 13 at 2 (quotations omitted).)  Plaintiff contends

that "[t]his conclusion is erroneous as it ignores controlling Eleventh Circuit precedent," but Plaintiff does not identify any such cases. (*Id.*) Florida law establishes a hierarchy of persons who may accept service on behalf of a municipal entity such as Defendant. *See* Fla. Stat. § 48.111. "[S]tatutes governing service of process are to be strictly construed," and accordingly, Florida law "must be precisely followed for valid service." *Hoffman v. Jimenez*, No. 2:25-CV-131-JLB-KCD, 2025 WL 1727901, at *1 (M.D. Fla. June 13, 2025) (quotation omitted). Here, strict construction of section 48.111 means that service of process on a records clerk was insufficient. *See id.* (concluding that acceptance of service by a city clerk was insufficient under Florida law as to a municipality); *Archer v. City of Winter Haven*, No. 8:16-CV-3067-T-36AAS, 2017 WL 784939, at *1 (M.D. Fla. Mar. 1, 2017) (quashing service delivered to a deputy city clerk under section 48.111 because she was not "designated under Florida law as a person who may receive service of process on behalf of a municipality").

Second, Plaintiff objects that the report "failed to afford [him] with a meaningful opportunity to cure any perceived technical deficiency." (Dkt. 13 at 5.) That is wrong—the report recommended that the complaint be dismissed with leave to amend "so that Plaintiff may bring his claims against—and then serve—the proper party." (Dkt. 11 at 4–5; *see* Dkt 12 at 2–3.) Although Plaintiff is not entitled to default, he may file an amended complaint and continue to pursue his claims if he serves the proper party. *See Kelly v. Florida*, 233 F. App'x 883, 884 (11th Cir. 2007) (holding that the court correctly set aside an entry of default where the plaintiff failed to properly serve the defendant). (*See* Dkt. 11 at 4–5; Dkt 12 at 2–3.)

As to the third reason, Plaintiff questions the report and recommendation as exceeding the magistrate judge's authority. (Dkt. 13 at 6–7.) Under section 636(b)(1)(B), a district court may designate a magistrate judge to issue recommendations on dispositive motions. 28 U.S.C. § 636(b)(1)(B); *see Montford v. Pryor*, No. 24-CV-20381, 2024 WL 4825744, at *3 (S.D. Fla. Nov. 19, 2024) (adopting a magistrate judge's report and recommendation regarding motions as to default). Therefore, the magistrate judge did not exceed his authority when issuing the recommendation about Plaintiff's motion for Clerk's entry of default.

Accordingly:

1. Plaintiff's objections (Dkt. 13) are **OVERRULED**.

2. The motion for reconsideration (Dkt. 15) is **DENIED**.

**ORDERED** in Orlando, Florida, on December 4, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Parties